No. 63985.—Williams Clark Co. and Asaris Gold Fish Hatchery *v.* United States, protest 58/16043 (Los Angeles).

FORD, Judge: This suit covers certain nylon fishing nets, which were assessed with duty by the collector of customs at 25 cents per pound and 33 per centum ad valorem under paragraph 1312 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as "Manufactures of filaments, fibers, yarns, or threads, of synthetic textile, not specially provided for."

Plaintiffs, in the protest and amendments filed thereto, make numerous claims, the main one being that said merchandise is properly dutiable at the rate of 21 per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra*, by virtue of the similitude clause contained in paragraph 1559 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, 19 U.S.C. § 1001, paragraph 1559, T.D. 53599, as articles, not specially provided for, wholly or in chief value of metal, other.

The record in this case consists of the testimony of one witness and four exhibits. Exhibits 1 and 2 represents 4″ x 4″ and 5″ x 5″ imported nylon fishing nets, respectively; while illustrative exhibits 3 and 4 represent 4″ x 4″ and 5″ x 5″ cotton fishing nets, respectively. The exhibits before the court

consist of twisted wire handles and frames upon which the nets of the respective materials are affixed.

The witness in the case testified to the effect that exhibits 1 and 2 are used to net fish out of large cement or glass tanks; that exhibits 3 and 4 are used for the same purpose; that he knows of no other use for such items; that such nets of the size and shape of exhibits 1 through 4 are made of nylon or cotton.

In the stipulation entered into by and between counsel for the respective parties, it was agreed that exhibits 1 and 2 are in chief value of nylon and are not a product made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing. It was further stipulated by counsel for the parties hereto that exhibits 3 and 4, the cotton fishing nets, are in chief value of metal.

Based upon the record as made herein, it is apparent that the classification of the collector of customs is erroneous, since noncellulosic synthetic textiles are excluded from schedule 13 of the Tariff Act of 1930, by virtue of paragraph 1313 of said act. See also *J.M.P.R. Trading Corp., Alltransport, Inc. v. United States*, 43 C.C.P.A. (Customs) 1, C.A.D. 600; *United States v. Steinberg Bros.*, 47 C.C.P.A. (Customs) 47, C.A.D. 727.

In the memorandum filed on behalf of defendant, it is conceded that said classification was erroneous and it was, accordingly, abandoned, citing the *Steinberg* case, *supra*. In said memorandum, counsel for defendant agrees that, in view of the record as made herein and the fact that exhibits 3 and 4 are cotton nets in chief value of base metal, and not plated with platinum, gold, or silver, or colored with gold lacquer, said nylon nets are properly classifiable, by virtue of the similitude clause in paragraph 1559 of the Tariff Act of 1930, as amended, *supra*, under the provisions of paragraph 397 of the Tariff Act of 1930, as modified, *supra*, as claimed by plaintiffs.

In view of the foregoing and based upon the record as made herein, we find the involved nylon fishing nets to be properly dutiable under the provisions of paragraph 397 of the Tariff Act of 1930, as modified, *supra*, by virtue of the similitude clause contained in paragraph 1559, as amended, *supra*, as claimed herein.

To the extent indicated, the specified claim in the above suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.